IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TERRI J. HELMS EDDY**,

        Plaintiff,

        v.

**CAROLYN W. COLVIN**, Acting
Commissioner of Social Security,

        Defendant.

No. 3:14-cv-01418-JE

OPINION AND ORDER

**MOSMAN, J.**,

On September 1, 2016, Magistrate Judge John Jelderks issued his Findings and Recommendation ("F&R") [28], recommending that the Commissioner's judgment should be AFFIRMED and that this action should be DISMISSED with prejudice. Ms. Helms Eddy objected [30] and the Commissioner failed to respond. I ADOPT the F&R in PART. I agree that that the Administrative Law Judge ("ALJ") erred in failing to find fibromyalgia to be a severe impairment at step two. However, I do not agree that the ALJ's error was harmless. Therefore, I reverse the Commissioner's decision and remand for additional proceedings.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

The Commissioner's decision to deny benefits "will be disturbed only if it is not supported by substantial evidence or it is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (citations omitted) (internal quotation marks omitted); *see also Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). "Substantial evidence means 'more than a mere scintilla' but 'less than a preponderance.'" *Magallanes*, 881 F.2d at 750 (citation omitted). To determine whether the ALJ's decision is supported by substantial evidence, courts "review the administrative record as a whole," weighing all the evidence in the record. *Id.* "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison*, 759 F.3d at 1010 (citation omitted). "Where 'the evidence can reasonably support either affirming or reversing a decision, [a court] may not substitute [its] judgment for that of the [ALJ].'" *Id.* (citation omitted). Finally, courts "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* (citation omitted).

2 – OPINION AND ORDER

Even when the ALJ commits legal error, however, courts uphold the decision where that error is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Id.* (citation omitted).

## DISCUSSION

Ms. Helms Eddy asserts the ALJ made several errors in evaluating her claim for disability benefits. Specifically, she argues: (1) the ALJ erred in evaluating her fibromyalgia, headaches, and seizures at step two, which lead to an improper Residual Functional Capacity ("RFC"); (2) the ALJ improperly evaluated the medical evidence in the record; (3) the ALJ erred in relying on the Vocational Expert's ("VE") testimony because the hypothetical questions posed were based on an inaccurate RFC; and (4) the ALJ erred in rejecting Ms. Helms Eddy's credibility and other lay witness testimony.

In his F&R, Judge Jelderks determined that the ALJ's failure to find that fibromyalgia was a medically determinable impairment at step two was not supported by substantial evidence in the record. But, Judge Jelderks determined that this error was harmless. He also made other findings related to Ms. Helms Eddy's remaining arguments, in some instances finding the ALJ erred but that such errors were harmless.

SSR 12-2p provides guidance on how to "establish that a person has a medically determinable impairment of fibromyalgia, and how [the Social Security Administration] evaluate[s] fibromyalgia in disability claims." SSR 12-2P (S.S.A), 2012 WL 3104869. A claimant must provide evidence from an acceptable medical source, like a licensed physician, to establish that she has fibromyalgia. *Id.* The record must include certain medical evidence to show the claimant has fibromyalgia under either Part A or Part B of Section II of the SSR. *Id.*

After determining that fibromyalgia is a medically determinable impairment, the ALJ must "consider it in the sequential evaluation process to determine whether the person is

3 – OPINION AND ORDER

disabled." *Id.* For claimants with fibromyalgia, the ALJ must still go through all of the steps set forth in SSR 12-2p to develop the claimant's RFC, even if the ALJ determines the claimant's fibromyalgia is non-severe. *Id.* (explaining that ALJ's must "consider the effects of all the person's medically determinable impairments, including impairments that are "not severe," when formulating an RFC). SSR 12-2p provides specific guidance for determining the severity of the claimant's fibromyalgia and the extent to which a claimant's symptoms limit her capacity for work in determining her RFC. *Id.* The SSR also provides specific guidance for evaluating the intensity and persistence of the claimant's pain or other fibromyalgia symptoms. *Id.* The ALJ must consider all the evidence in the record, including the claimant's testimony, and other evidence in the record, including the person's daily activities, attempts at treatment, and lay witness testimony, if the "objective medical evidence does not substantiate the [claimant's] statements" about her symptoms and functional limitations. *Id.*

Findings about the severity of the impairment are then incorporated into the rest of the five-step sequential evaluation process. *Id.* Some of the analysis at each step is unique for claimants with fibromyalgia. For example, in determining the RFC of a claimant with fibromyalgia, the ALJ must "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* Similarly, at steps four and five, the ALJ has to consider whether the claimant has certain exertional, nonexertional, and environmental limitations that are unique to fibromyalgia, and that erode their ability to perform past relevant work or any other work in the national economy. *Id.*

I agree that the ALJ's failure to find fibromyalgia to be a medically determinable impairment at step two is not supported by substantial evidence in the record for the reasons

4 – OPINION AND ORDER

Judge Jelderks provides in his F&R. [Dkt. #28 at 7]. I disagree, however, with the determination that the failure to include fibromyalgia as a medically determined impairment at step two was harmless error. As required by SSR 12-2p, the ALJ must make findings of fact at each step of the sequential evaluation process based on the severity and symptoms of Ms. Helms Eddy's additional impairment. To do so, the ALJ must reconsider the medical evidence in the record, Ms. Helms Eddy's testimony, and witness testimony. Then, the ALJ must determine whether fibromyalgia causes any additional exertional or non-exertional limitations that impact Ms. Helms Eddy's RFC. Only then can the ALJ determine whether she is disabled at step four or step five.

Since my reversal of the ALJ's decision necessarily requires him to reconsider the credibility of the witness testimony and the medical evidence, and to reassess Ms. Helms Eddy's RFC, I do not consider here whether the ALJ erred on those remaining issues in his opinion.

## CONCLUSION

For the reasons discussed above, I ADOPT the F&R [28] in part. The Commissioner's decision is therefore REVERSED and REMANDED for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED this  28   day of November, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge

5 – OPINION AND ORDER